UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WINSTON RAMKELAWAN and
VINDRA RAMKELAWAN,

    Plaintiffs,

v.                                          Case No: 5:18-cv-100-Oc-30PRL

GLOBUS MEDICAL INC.,

    Defendant.

## ORDER

Winston Ramkelawan became a quadriplegic after the core of Globus Medical Inc.'s SECURE-C® Cervical Artificial Disc expelled and injured his spinal cord. The Ramkelawans[1] claim the SECURE-C core expelled and injured Ramkelawan because the device was defectively manufactured by Globus. Globus contends the device was properly manufactured and the core expelled due to the negligence of the surgeon who implanted it.

To support their positions, the parties retained numerous experts. But in response to Globus's *Daubert* motions, the Court ruled that the Ramkelawans' only causation expert must be excluded. Because the Court excluded the Ramkelawans' causation expert, the Ramkelawans cannot prove an essential element of their manufacturing defect claims. So the Court concludes Globus is entitled to summary judgment in its favor.

---

[1] The Court will use "Ramkelawan" to refer specifically to Winston Ramkelawan, and "Ramkelawans" to refer to Plaintiffs Winston Ramkelawan and Vindra Ramkelawan jointly.

## BACKGROUND

On May 11, 2015, Ramkelawan had the SECURE-C device implanted in his neck. The SECURE-C, designed and manufactured by Globus, is an artificial disc implanted in the spine as an alternative to spinal fusion surgery and allows greater mobility. Two days after the surgery, Ramkelawan was lying in bed when he heard a pop and lost feeling from his chest down. Ramkelawan was taken to a hospital where it was determined that the SECURE-C's core expelled, injuring his spinal cord and rendering him a quadriplegic.

The SECURE-C device comprises an ultra-high-molecular-weight-polyethylene ("UHMWPE") core fitted between anterior and inferior endplates composed of highly polished cobalt chromium molybdenum alloy. The inferior, or bottom, endplate has engagement recesses that allow it to connect to the core, locking it into place.

The SECURE-C is classified by the U.S. Food and Drug Administration as a Class III medical device, which is governed by the Medical Device Amendments ("MDA") to the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 360c(a)(1)(C). Class III medical devices are subject to the FDA's premarket approval ("PMA") process and are heavily regulated under federal law. Globus must produce, manufacture, and distribute the SECURE-C pursuant to the design specifications approved by the FDA in the PMA.

In this lawsuit, the Ramkelawans argues that the SECURE-C device implanted into Ramkelawan's neck was defectively manufactured and did not comply with the design specifications approved by the FDA in the PMA. Specifically, the Ramkelawans retained two experts to opine about manufacturing defects: Drs. John Jarrell and Russell Dunn.

Dr. Jarrell identified two manufacturing defects related to the core of the SECURE-C—a misshapen dome and insufficient total core height. Dr. Jarrell also identified a burr in the inferior endplate. Dr. Jarrell then opined these defects caused the core of the SECURE-C to expel and injure Ramkelawan. Dr. Jarrell is the only expert for the Ramkelawans to offer a causation opinion.

Dr. Dunn also identified to issues with the SECURE-C core—oxidation and improper surface roughness. Although Dr. Dunn identified these defects, neither he nor any other expert opined that these defects caused the core to expel and injure Ramkelawan.

Globus filed motions to exclude the opinions of Drs. Jarrell and Dunn at the same time it filed the instant summary judgment motion. After reviewing all the materials provided by the parties, the Court concluded Dr. Dunn's opinion should be excluded in its entirety and that Dr. Jarrell's causation opinion should be excluded. (Doc. 145).

Now, the Court must consider whether Globus is entitled to summary judgment in light of the admissible evidence.

## **SUMMARY JUDGMENT STANDARD**

Motions for summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted); Fed. R. Civ. P. 56(c). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact."

3

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether accompanied by affidavits, the nonmoving party must go beyond the pleadings through affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248–49.

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir.1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

To prove a manufacturing defect claim under Florida law regarding a PMA-approved device, a plaintiff must show "(1) the device suffered from a defect; (2) the defect

4

resulted from a violation of a particular PMA requirement; and (3) the defect caused his injury." *Marmol v. St. Jude Med. Ctr.*, 132 F. Supp. 3d 1359, 1365 (M.D. Fla. 2015). Generally, the plaintiff must rely on expert testimony to prove "that a product defect existed and that such defect caused injury." *Salinero v. Johnson & Johnson*, 400 F. Supp. 3d 1334, 1343 (S.D. Fla. 2019).

Here, Globus is entitled to summary judgment because the Ramkelawans cannot prove that any manufacturing defect caused the injury to Ramkelawan. As explained in the Order granting Globus's motion to exclude his causation opinions, Dr. Jarrell failed to offer more than conclusory statements as to why he believed the defects in the core—the misshapen dome and insufficient dome height—caused the core to expel from between the endplates.[2] At deposition, Dr. Jarrell admitted he had not performed testing to confirm his opinions and did not explain what caused him to conclude the defects could result in the core expelling. Because his offered opinions and testimony regarding causation were *ipse dixit*, his opinions do not satisfy the requirements of Federal Rule of Civil Procedure 702 or *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993) and are inadmissible. And since Dr. Jarrell's inadmissible opinions are the only evidence of causation relied upon

---

[2] The Ramkelawans argue in response to summary judgment that Dr. Jarrell opined "this failure to properly articulate [identified by Dr. Jarrell as a result of the defects] led Mr. Ramkelawan's superior endplate to rock back and forth on the polymer core—leaving behind arch-shaped witness marks—gradually pushing the core out from between both endplates until the SECURE-C device finally failed and expelled the core into Mr. Ramkelawan's spinal cord." (Doc. 143, pp. 16-17). The problem with this argument is that Dr. Jarrell never offers this opinion, either in the portions of his report or deposition to which the Ramkelawans cite. (Docs. 95-2, pp. 10–11; and 114-1, pp. 111–114). Because this causation opinion is neither in Dr. Jarrell's report nor his deposition testimony, the Court cannot consider it as admissible evidence of causation.

by the Ramkelawans, the Court concludes they have failed to establish evidence of a necessary element of their claims, thus entitling Globus to summary judgment.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant Globus Medical, Inc.'s Motion for Summary Judgment (Doc. 97) is GRANTED.

2. The Clerk is directed to enter judgment in favor of Defendant Globus Medical, Inc. and against Plaintiffs Winston Ramkelawan and Vindra Ramkelawan.

3. Defendant Globus Medical, Inc.'s Motion to Continue (Doc. 137) is DENIED AS MOOT.

4. Defendant Globus Medical, Inc.'s Motion for Leave to File Reply (Doc. 144) is DENIED AS MOOT.

5. All pending motions are denied as moot.

6. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of December, 2019.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record